# In the United States District Court
# for the Southern District of Georgia
# Savannah Division

JARVIS MCCLENDON,

    Plaintiff,

v.

MANITOU AMERICAS, INC.,

    Defendant.

CV 415-250

## ORDER

Presently pending before the Court is Defendant Manitou Americas, Inc.'s ("Defendant") Combined Motion for Judgment on the Pleadings, Summary Judgment, and Sanctions. Dkt. No. 13. As discussed below, Defendant's Motion is **GRANTED in part and DENIED in part**.

## Background

Plaintiff filed this products liability suit for injuries he sustained while operating a forklift manufactured by Defendant. Dkt. No. 1-1 ("Compl."), pp. 5-9. According to the Complaint, Plaintiff worked as a longshoreman aboard the M/V GRANDE MAROCCO, which was docked, at the time of the accident, at the Georgia Ports Authority in Savannah, Georgia. Id. ¶ 6. Plaintiff alleges that on August 22, 2014, the brakes on a

forklift that he was operating failed. Id. The forklift "collided with the inside wall of the ship." Id. ¶ 11. Plaintiff sustained serious injuries to his head and neck that required hospitalization. Id. ¶ 12. Although Plaintiff contends that his injuries were the result of a brake failure, he allegedly told medical staff that he was using the forklift to "load bricks on to [sic] a ship cargo hold when he lost control." Dkt. No. 16, ¶ 2.[1]

After the forklift's manufacture and prior to its shipment from Defendant's manufacturing facility, Defendant subjected the forklift to a number of tests, including: (1) visual inspection; (2) physical inspection; (3) road-testing; and (4) load-testing. Dkt. No. 17, ¶ 4. One of these tests focused solely on the operation of the forklift's brakes. Id. Defendant inspected and tested the brakes before verifying that the brakes were properly operating when they left Defendant's control. Id. Plaintiff was injured in Savannah while operating the forklift. Dkt. No. 1-1, ¶ 12. Just after the injury, the forklift was shipped to Africa for ultimate purchase by a customer. Dkt. No.

---

[1] The Court notes that Plaintiff failed to file a response to Defendant's Statement of Material Facts, as required by Fed. R. Civ. P. 56(c). In this situation, Local Rule 56.1 states that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by a statement served by the opposing party." LR 56.1, SDGa. This conclusion is also compelled by Fed. R. Civ. P. 56(e)(2), which provides that the Court may "consider the fact[s] undisputed for purposes of the motion." Since Plaintiff failed to appropriately respond to Defendant's Statement of Material Facts, the Court deems the entirety of Defendant's Statement of Material Facts as undisputed.

AO 72A
(Rev. 8/82)

17, ¶¶ 4-5, 8. In Africa, the forklift was once again subjected to a round of testing. Id. The brakes were found to be operating properly yet again. Id.

Defendant first learned of Plaintiff's suit when its Registered Agent was served on August 19, 2015. Id. ¶ 3. Until that time, Defendant was aware of no claims, tests, or results that indicated any brake defects. Id. ¶ 6. Defendant has never received any expert witness disclosures or reports from Plaintiff, dkt. no. 16, ¶ 3, and the forklift was never made available for Defendant's inspection following the accident. Dkt. No. 17, ¶¶ 2, 5.

Defendant filed the instant Combined Motion on January 19, 2016. Dkt. No. 13. The Plaintiff has conceded his negligent manufacturing claim, dkt. no. 23, p. 6, and the Court previously **GRANTED** Defendant's Summary Judgment Motion as to that claim. Dkt. No. 35.[2]

### Legal Standard

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the

---

[2] The Court notes that Defendant's original Combined Motion included a Motion for Judgment on the Pleadings. See Dkt. No. 13. At the Motions Hearing, the Court denied Plaintiff's request to amend his pleadings and explained that it would address the merits of Plaintiff's remaining claim on Defendant's Summary Judgment Motion. Accordingly, Defendant's Motion for Judgment on the Pleadings is **DENIED AS MOOT**.

outcome of the suit under the governing law." FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000). To discharge this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. The burden shifts then shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

## Discussion

All that remains is Plaintiff's strict products liability claim. Plaintiff alleges that Defendant is strictly liable for the alleged failure of the forklift's brakes. Defendant shows that Plaintiff has failed to provide evidence of any defect in the brakes and failed to provide evidence that Defendant caused Plaintiff's injuries. See generally Dkt. No. 23. On April 15,

2016, the Court held a Motions Hearing. Dkt. No. 35.[3] Although contested in the briefing, both parties agreed at the Hearing that Georgia law, not maritime law, governs the instant matter. As will be detailed below, Plaintiff failed to satisfy his burden of providing this Court with evidence to withstand summary judgment.

O.C.G.A. § 51-1-11 governs strict products liability suits. Pursuant to this statute, a manufacturer is liable for a defective product, even if the manufacturer is not at fault for the defect. O.C.G.A. § 51-1-11(b)(1).[4] Thus, for a plaintiff to prevail in a strict products liability claim, plaintiff must prove: (1) the manufacturer's product was not merchantable and reasonably suited to the use intended when sold; and (2) the product's condition when sold was the proximate cause of the injury sustained. Owens v. Gen. Motor Corp., 272 Ga. App. 842, 845-46 (2005). Moreover, "[i]f the product design has been independently altered, eliminated or replaced by a third party after the sale of the product, and injuries result after the

---

[3] The Court invited the parties to supplement their oral arguments with any additional briefing. Defense counsel responded to the Court's invitation. Dkt. No. 37.

[4] In pertinent part, O.C.G.A. § 51-1-11(b)(1) states:
> The manufacturer of any personal property sold as new property directly or through a dealer or any other person shall be liable in tort, irrespective of privity, to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury to his person or property because the property when sold by the manufacturer was not merchantable and reasonably suited to the use intended, and its condition when sold is the proximate cause of the injury sustained.

alteration, those injuries cannot be the proximate result of the manufacturer's original design." Carmical v. Bell Helicopter Textron, Inc., a Subsidiary of Textron, Inc., 117 F.3d 490, 494 (11th Cir. 1997).

"To prove the first element, a plaintiff must establish that the product contained a manufacturing defect. Jones v. Amazing Prods., Inc., 231 F. Supp. 2d 1228, 1236 (N.D. Ga. 2002). A manufacturing defect is identified "as a deviation from some objective standard or a departure from the manufacturer's specifications established for the creation of the product." Id.

As to the proof required, "expert testimony is not always required to prove [a] defect, but to obviate the need for an expert the defect must not be complicated and technical in nature." Bishop v. Bombardier, Inc., 399 F. Supp. 2d 1372, 1381 (M.D. Ga. 2005). Expert testimony, therefore, may not be required in "simple" defect cases. SK Hand Tool Corp. v. Lowman, 223 Ga. App. 712, 712-15 (1996); see also Bailey v. Monaco Coach Corp., 350 F. Supp. 2d 1036, 1045 (N.D. Ga. 2004) (explaining that expert testimony is unnecessary "if th[e] defect is one that can be understood by the reasonable juror."). The nature of the alleged defect dictates whether expert testimony is needed to prove the existence of a manufacturing defect. Bailey, 350 F. Supp. 2d at 1045 (citing Teerling v.

Fleetwood Motor Homes of Ind., Inc., No. 99 C 5926, 2001 WL 641337, at *4 (N.D. Ill. June 4, 2001)).

As has been noted by the Georgia courts, a mere allegation that brakes malfunctioned is not sufficient to prove a manufacturing defect. This is because brakes can fail for many reasons other than a manufacturing defect, including negligent repair or excessive trailer weight. Jenkins v. Gen. Motors Corp., 240 Ga. App. 636, 637 (Ga. Ct. App. 1999). For example, in Jenkins, the court determined that it could not credit plaintiff's explanation that an alleged brake failure was the cause of his accident where "the brakes failed thirteen months after the truck was leased, one month after a repair had been made to the brakes, and while the truck was towing a loaded trailer." 240 Ga. App. at 637. Additionally, the court in Jenkins noted that the alleged failure of the brake system occurred when the truck was no longer under the exclusive control of the manufacturer. Id.

As in Jenkins, the present case contains no evidence in the record that the forklift's brakes were defective. Indeed, the forklift withstood a battery of tests both before it left Defendant's manufacturing warehouse and upon its arrival in Africa. Dkt. No. 17, ¶¶ 4-5. Moreover, the alleged brake failure occurred when the forklift was no longer under Defendant's exclusive control—the accident occurred after it

AO 72A
(Rev. 8/82)

left Defendant's manufacturing facility. There is no evidence that the brakes deviated "from some objective standard . . . or depart[ed] from the [Defendant's] specifications established for the creation of the [brakes]." Jones, 231 F. Supp. 2d at 1236. Plaintiff's bare assertion that the brakes failed is the only evidence contradicting the record evidence. But merely claiming that the brakes failed is not sufficient to create an issue of disputed, material fact. There is simply no evidence in the record supporting a conclusion that the forklift's brakes were defective when it left Defendant's control.

Although Plaintiff contends that a brake failure does not require expert testimony, case law suggests otherwise. See Miller v. Ford Motor Co., 287 Ga. App. 636, 637 (Ga. Ct. App. 2007) (explaining that "the mere failure of automobile equipment is not 'itself evidence of an original defect' since the failure can be the result of myriad causes not related to its manufacture."); Bailey, 350 F. Supp. 2d at 1045 (explaining that "the proper functioning of a motorhome brake system is not within the reasonable purview of the average layperson, and, therefore, requires expert testimony."); Jenkins, 240 Ga. App. at 637 (holding that the "failure of automobile brakes, without more, does not establish evidence of negligence.").

Given the present circumstances—a lack of evidence that the brakes were faulty and only a bare allegation that the allegedly
8
AO 72A (Rev. 8/82)

faulty brakes caused the accident—the case cannot reach a jury. Accordingly, Summary Judgment is **GRANTED** as to Plaintiff's remaining strict products liability claim.[5]

Defendant also requests Sanctions because Plaintiff allowed the forklift to be shipped to Africa prior to any testing or notification to Defendant. Dkt. No. 13, pp. 12-15; Dkt. No. 17, ¶ 5. Defense counsel requests that the Court either "dismiss Plaintiff's Complaint on the merits or, in the alternative, sanction Plaintiff for his spoliation of evidence. Id. at p. 15. In the typical course of litigation, Plaintiff would have sequestered the forklift, allowing both parties—and their experts—the opportunity to inspect it. Here, that did not happen. Not only is the forklift in Africa, but Plaintiff also

---

[5] The Court notes that at the Motions Hearing, Plaintiff announced, for the first time, the existence of new case law in support of his argument. According to Plaintiff, the following cases allegedly set forth a new burden-shifting framework. See, e.g., Steele v. Atlanta Maternal-Fetal Med., P.C., 610 S.E.2d 546, 548 (Ga. Ct. App. 2005); Moresi v. Evans, 572 S.E.2d 327, 329 (Ga. Ct. App. 2002); Glenridge Unit Owners Assoc. v. Felton, 360 S.E.2d 418, 419 (Ga. Ct. App. 1987). None of the aforementioned cases, however, supports Plaintiff's argument. Indeed, the cited cases do not involve a similar procedural posture, much less an item with a manufacturing defect. See Steele, 610 S.E.2d at 548 (involving an appeal of a jury trial for medical malpractice against a Doctor and Hospital for the doctor's failure to admit the Plaintiff following a spike in her blood pressure); Moresi, 572 S.E.2d at 329 (involving an appeal of a jury trial against an allegedly negligent pharmacist who filled plaintiff's prescription with the wrong medicine); Glenridge, 360 S.E.2d at 419 (involving an appeal of a jury trial of a suit by a homeowner's association against a unit occupant for attorney's fees, association fees, and contract damages).
  Moresi explains that "plaintiffs [a]re required to prove that [defendant's] negligence caused [plaintiff's] injuries." 572 S.E.2d at 333. Upon careful review of Plaintiff's argument, the Court finds that there is no language in Moresi, or in any of the cited cases, that a Plaintiff may assert that a product was defective without providing evidentiary support. Accordingly, summary judgment is appropriate.

conceded at the Motions Hearing, that he was in a superior position to prevent its removal.

At the Motions Hearing, Plaintiff explained that he was incapacitated and did not have the wherewithal to note the manufacturer of the forklift at the time of his accident or demand that the forklift stay in Savannah. The Court sympathizes with Plaintiff's predicament. After consideration of all the circumstances and relevant case law, the Court **DECLINES** to enter an award of sanctions.

**CONCLUSION**

For the reasons set forth above, Defendant's Combined Motion for Judgment on the Pleadings, for Summary Judgment, and for Sanctions (Dkt. No. 13) is **GRANTED in part and DENIED in part.** Defendant's Motion for Summary Judgment is **GRANTED.** Defendant's Motion for Judgment on the Pleadings is **DENIED AS MOOT.** The Court **DECLINES** to enter an award of sanctions. The Clerk of Court is **DIRECTED** to enter the appropriate judgment and to close this case.

SO ORDERED, this 29th day of September, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA